**Roxanna SHEEHAN, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

No. 3–88–59.

United States District Court,
D. Minnesota,
Third Division.

Dec. 18, 1990.

Charlotte A. Vick, Legal Aid Soc., Minneapolis, Minn., for plaintiff.

Patricia R. Cangemi, U.S. Atty's. Office, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

RENNER, District Judge.

Before the Court are defendant's objections, plaintiff's response and the parties' supplemental letter memoranda to the United States Magistrate's Report and Recommendation dated June 22, 1990. The Report and Recommendation issued by Magistrate J. Earl Cudd recommended that the plaintiff be awarded attorney fees of $4,645.00 and costs of $32.55 under the Equal Access to Justice Act ("EAJA"). Title 28 U.S.C. § 2412. The Court herein adopts the Magistrate's recommendation.

### I.

On July 26, 1986, plaintiff Roxanna Sheehan applied for supplemental security income (SSI) benefits due to high blood pressure and seizures that troubled her since 1984. Plaintiff's application was initially denied. On June 3, 1987, plaintiff argued her case before an Administrative Law Judge ("ALJ") who found plaintiff ineligible for SSI benefits on August 14, 1987. The Appeals Council denied plaintiff's request for review and the ALJ's decision became final.

Invoking 42 U.S.C. § 405(g),[1] plaintiff sought judicial review of the Secretary's decision. On June 10, 1988, defendant filed a motion to remand the case to the Secretary for further administrative proceedings. The Court granted the Secretary's motion on August 3, 1988 and remanded the case to the Secretary. No action was taken for eight months. On April 11, 1989, the Appeals Council issued an order remanding Roxanna Sheehan's case to the ALJ for hearing with instructions for evaluating the evidence. The Appeals Council ordered the ALJ to issue a recommended decision.[2]

---

1. Title 42 U.S.C. § 405(g):

    Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United Stated for the judicial district in which the plaintiff resided or has his principal place of business, or, of he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The finding of the Secretary as to the fact, if supported by the Secretary or decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken

    before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based, Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary of any vacancy in such office.

2. Order of the Appeals Council Remanding the Court Case to Administrative Law Judge (477–444294) dated April 11, 1989, p. 2:

    The Administrative Law Judge may take additional action not inconsistent with this order of with the Court's Order. Upon completion of all proceedings, the case shall be returned with a recommended decision (which explicitly recognizes the shifting burden of proof) to the Appeals Council for its decision.

    The claimant and her attorney shall be given the opportunity to file with the Appeals Council, within 20 days from the date of notice of

Following a supplemental hearing, the ALJ found that plaintiff was disabled. The ALJ set forth this finding in a document issued October 26, 1989, titled "Decision Upon Order of the Appeals Council Remanding U.S. District Court Case." On March 29, 1990, plaintiff's counsel inquired about the status of the remand. Plaintiff's counsel wrote to the Appeals Council:

> [u]nder the new regulations, I realize that normally an ALJ's decision on a remand can be considered final but in reviewing the decision, it was clear that it was to be sent back up to the Appeals Council for review.

> I have received no communications from your office and perhaps you were not aware of that provision in the decision.

Declaration of Charlotte Vick, Exh. 1–c. On April 18, 1990 plaintiff received a "Notice of Award" letter dated April 16, 1990.

On May 14, 1990, plaintiff filed for attorney's fees and costs pursuant to the EAJA. The Secretary challenged plaintiff's fee petition as untimely. The Magistrate's June 22, 1990 Report and Recommendation advised the Court to award attorney fees to the plaintiff on the basis that a final judgment had not been issued. The Secretary objected to the Magistrate's Report and Recommendation and argued that, at the latest, plaintiff's petition had to be filed within 30 days of December 25, 1989. On that day defendant alleged the ALJ's decision became final because the Appeals Council did not assume jurisdiction over the case.

## II.

Pursuant to 28 U.S.C. § 2412(d)(1)(B), a prevailing party must submit an application for attorneys' fees within 30 days of the "final judgment of the action." A "final judgment" is "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

The Secretary asserts that a final judgment was issued on October 26, 1989 when the ALJ found plaintiff disabled. In the

alternative, the Secretary argues that the ALJ's decision became final sixty days later on December 25, 1989. Pursuant to 20 C.F.R. § 416.1484, when an SSI benefits case is remanded to an ALJ for a decision, that decision becomes the final decision of the secretary unless the Appeals Council assumes jurisdiction of the case, an action which must occur within 60 days of the ALJ's decision. The Secretary concludes that plaintiff's petition was untimely under this schema. The plaintiff argues that because the Appeals Council remanded this case to the ALJ with instructions that the ALJ issue a *recommended* decision, a different procedural timeframe should apply. The Court agrees.

When an SSI case is remanded from a federal court for further consideration, the Appeals Council, acting on behalf of the Secretary, may make a decision or remand the case to an ALJ. 20 C.F.R. § 1483. The Appeals Council instructs the ALJ to hold a hearing and then either issue a decision or return the case to the Appeals Council with a recommended decision. *Id.* In either case, a remand to the ALJ is subject to the procedures set forth in 20 C.F.R. § 416.1477. The ALJ may take no action that is not consistent with the Appeals Council remand order. 20 C.F.R. § 416.1477(b). When the Appeals Council instructs the ALJ to issue a decision, then the provisions of 20 C.F.R. § 416.1484 are also triggered, that is, the decision becomes final after 60 days if the Appeals Council does not assume jurisdiction.

Defendant argues as if 20 C.F.R. § 416.1484 also applies when the ALJ is instructed to issue a recommended decision. The Court does not agree. The language of § 416.1484 only refers to a "decision" by the ALJ. When the ALJ is instructed to issue a recommended decision, then it is the Appeals Council that issues a decision after review of the ALJ's recommendation and any other proceedings deemed necessary. 20 C.F.R. §§ 416.1477 and 416.1479. As stated in 20 C.F.R.

the recommended decision, briefs or other written statements of exceptions and comments as to applicable facts and law. After

the 20–day period has expired, the Appeals Council will review the record and issue its decision.

§ 416.1479, upon receipt of the ALJ's recommended decision, the Appeals Council may affirm, modify or reject a recommended decision. A copy of the Appeals Council decision is then mailed to the parties at their last known address. 20 C.F.R. § 416.1479.

When the Appeals Council remanded plaintiff's case to the ALJ for a hearing, it specifically ordered the ALJ to review the case in a manner consistent with the District Court's remand and issue a recommended decision. Thus, for the purposes of determining when a final decision has been rendered, the defendant's reliance on 20 C.F.R. § 416.1484 is inappropriate. Given the Appeals Council's request for a recommended decision, the final decision of the administrative proceedings would occur at the earliest when the Appeals Council either adopts, modifies or rejects the ALJ's recommended decision. *See* 20 C.F.R. § 416.1479.

The facts in this case are somewhat complicated because the ALJ labeled his findings a "decision" and because the Appeals Council never issued a document stating that it adopted the ALJ's recommended decision. However, in response to plaintiff's inquiry about the status of her case, the Social Security Administration issued a notice of award. Plaintiff apparently considered receipt of this letter as notification that the Appeals Council had adopted the ALJ's decision. Accordingly, she filed her EAJA application within 30 days of that notice. The Secretary argues that the award letter is irrelevant and has no bearing on determining when the final judgment in this matter was rendered. The Secretary characterizes the letter as merely an administrative computation of benefits. *See* 20 C.F.R. § 416.1402. However, even if the Court accepts the Secretary's characterization, it would find that plaintiff's May 14, 1990 fee application is timely. The Appeals Council has not yet formally notified plaintiff of its adoption of the ALJ's recommendation. Since a petition for attorneys' fees must be filed at the

latest within 30 days of a final judgment, plaintiff has met this requirement. The fact that the ALJ labeled his findings a "decision" rather than a "recommended decision" does not change the fact that the April 11, 1989 remand letter and order received by plaintiff from the Appeals Council states that a final decision will be rendered by the Appeals Council, not the ALJ.[3] *See* Declaration of Charlotte Vick, Exh. 1–a. Relying on the remand order and the procedural framework set forth in 20 C.F.R. § 416.1477, plaintiff applied for attorneys' fees as soon as she had inferred that the Appeals Council had adopted the ALJ's finding of disability.

In summary, the Court finds that the ALJ's October 26, 1989 decision neither constituted a final judgment nor became a final judgment sixty days later. The Court finds plaintiff's application for EAJA fees timely because it was submitted within 30 days of the first time she had notice that the Appeals Council adopted the ALJ's finding of disability. It is not necessary for the Court to determine whether an even later application would be timely, given the fact that plaintiff still has not received formal notice of the Appeals Council's adoption of the ALJ's decision. Attorney fees pursuant to the EAJA should be granted to plaintiff.

## ORDER

Accordingly, after *de novo* review of the record and consideration of defendant's objections, plaintiff's response and the parties' letter memoranda, IT IS HEREBY ORDERED, that, pursuant to the Equal Access to Justice Act, plaintiff be awarded attorney fees of $4,645.00 and costs of $32.55.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

---

**3.** By regulation, the ALJ is prohibited from acting in a manner inconsistent with the remand order. *See* 20 C.F.R. 416.1477. Therefore, the ALJ was without authority to render anything other than a recommended decision.